| | | |
|---|---|---|
| STATE OF TEXAS | ) | |
| | ) ss: | **AFFIDAVIT** |
| COUNTY OF RANDALL | ) | |

I, Demarcus Grabert, being first duly sworn and deposed in accordance with law, hereby state the following:

1. I am a United States Citizen, of legal age and sound mind.

2. I am a Defendant in Case 2:21-cr-00045-Z-BR USA v. Grabert et al., in the United States District Court, Northern District of Texas.

3. I met Grant Glover in July of 2019 while I was visiting Los Angeles, California. We met while waiting in line at Cookies, a cannabis dispensary.

4. Mr. Glover were next to each other in the line that had formed at the dispensary for a special cannabis strain called "Cereal Milk" which was being marketed by former NBA player Gary Payton. While we were in line at a dispensary, we engaged in conversation.

5. Mr. Glover and I became friends. We spoke often and took vacations together and traveled to visit each other.

6. During our friendship, Mr. Glover told me about his favorite dispensaries in the area, and we visited many of those dispensaries while I was in Los Angeles, California.

7. Mr. Glover has never sold me with marijuana.

EXHIBIT
A

8. While together, Mr. Glover occasionally shared marijuana with me for personal use.

9. Prior to meeting Mr. Glover, I had purchased marijuana in the Los Angeles area.

10. To the extent I obtained marijuana and THC products from California, these products were bought directly by me or people from Texas on my behalf, by way of "backdoor shopping" which involves purchasing wholesale directly from someone associated with the dispensary. Some of the people that I purchased from I had known prior to meeting Mr. Glover. Other's I met while with Mr. Glover. It was common for us to have the same or similar products because we each purchased products from the same dispensaries through "backdoor shopping."

11. Mr. Glover was aware that I shipped (or had the products shipped) back to Texas.

12. Mr. Glover did not provide me with any Marijuana, was not involved in the shipping of marijuana to me, and I never paid Mr. Glover for any marijuana or THC products involved in the instant case.

13. While Mr. Glover was aware of what I was doing, he did not know the quantity or volume of marijuana that I was involved with.

14. As friends, we were involved with each other via social media. We shared and commented on each other's posts, and we both posted photos from times that we were together. I did not sell or market marijuana through social media on Mr. Glover's behalf. Nor did Mr. Glover sell or market marijuana through social media on my behalf.

15. To my knowledge, Mr. Glover has never met the other co-defendants in this matter.

16. I have avoided making any statements in this matter until this point, pursuant to my rights and the advice of counsel.

17. I have signed this affidavit under my own free will.

18. No threats or promises have been made to me, either directly or indirectly, by any persons in an effort to obtain my signature on this affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DEMARCUS GRABERT

SWORN TO BEFORE ME and subscribed in my presence this 19th day of March 2022.

_____
NOTARY PUBLIC

SCOT CASTLEBERRY
Notary Public, State of Texas
Notary ID #129722549
My Commission Expires 02-24-2026